U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 1 2 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OTHNIEL McKINNEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-394-A |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion of defendant in the above-captioned action, United States of America, to dismiss all claims and causes of action of plaintiff, Othniel McKinney, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Having considered the motion and accompanying documents, plaintiff's response, the record, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

Plaintiff, a prisoner at FCI-Fort Worth, filed this action pursuant to the Federal Tort Claims Act ("FTCA"), alleging that he was injured due to the negligence of prison officials. On February 2, 2010, plaintiff and two other inmates were transported from FCI-Fort Worth to the Federal Medical Center in

Butner, North Carolina ("FMC") for medical treatment.[1] Also on the airplane were two FCI-Fort Worth correctional officers, one lieutenant, one nurse, and two pilots. Pursuant to Bureau of Prisons ("BOP") policy, all inmates were in full restraints during the medical transport. While attempting to exit the airplane in North Carolina, plaintiff, who was 79 years old at the time and suffering from poor health, was wearing handcuffs, a belly chain, and shackles, and fell down the stairs. No one physically assisted plaintiff on the stairs or asked him if he needed assistance. After plaintiff fell and landed on his back, officials "came to his aid," asked him if he was all right, and assisted him to the van to be transported to FMC. Compl. at 3. Plaintiff promptly received medical treatment upon his arrival at FMC, and explained to medical staff that his injury had occurred while exiting the airplane. Plaintiff alleges that, due to his fall, he suffered intense pain, has reoccurring medical issues, must now use a walker to get around, continues to need medication for pain, and requires counseling to address the mental and emotional stress he has suffered.

---

[1] The facts are taken from allegations in, and attachments to, plaintiff's complaint, as well as information contained in defendant's appendix. Because the court is determining whether to dismiss the complaint for lack of subject matter jurisdiction, the court may consider evidence outside the complaint and decide factual issues that determine jurisdiction, without converting the motion to dismiss into a motion for summary judgment. Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981); Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981).

II.

Analysis

A.   Standards under Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a case is properly dismissed when the court "lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted). If one of the parties challenges the court's jurisdiction, the court has broad authority to weigh the evidence and satisfy itself that it has jurisdiction to hear the case. Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981). The court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss under Rule 12(b)(1) should be granted only "if it appears certain that plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009).

B.   Cause of Action Under the FTCA

  1.   Applicable Standards

The United States enjoys sovereign immunity from suit unless it has specifically consented to be sued, Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983), and the plaintiff bears the burden of showing the waiver of immunity, Freeman, 556 F.3d at 334. Consent of the United States to suit "is a prerequisite to federal jurisdiction," In re FEMA Formaldehyde Products Liability Litigation, 668 F.3d 281, 287 (5th Cir. 2012), and Congress's waiver of the immunity "must be unequivocally expressed in statutory text and will not be implied," Lane v. Pena, 518 U.S. 187, 192 (1996).

Under the FTCA, Congress has explicitly waived sovereign immunity and permitted the United States to be sued for injuries:

> [C]aused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The relevant duty of care owed by defendant, through BOP and its officials, to prisoners is provided by 18 U.S.C. § 4042, which requires BOP to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18

4

U.S.C. § 4042(a)(2). That duty requires "the exercise of ordinary diligence to keep prisoners safe and free from harm," Cowart v. United States, 617 F.2d 112, 116 (5th Cir. 1980). Section 4042 "requires the Federal Bureau of Prisons to provide for the safekeeping, care, and subsistence of all federal prisoners, but does not indicate the manner in which the duty must be fulfilled," Spotts v. United States, 613 F.3d 559, 567 (5th Cir. 2010), and BOP officials generally have broad discretion in fulfilling this statutory obligation. Id., Ashford v. United States, 463 F. App'x 387, 391 (5th Cir. 2012). A prisoner has the right to bring a cause of action under the FTCA for a breach of the duty prescribed by § 4042. United States v. Muniz, 374 U.S. 150, 164-65.

There are a number of exceptions to this waiver of immunity, including the discretionary function exception, 28 U.S.C. § 2680, which provides:

> The provisions of this chapter and section 1346(b) of this title shall not apply to--
>
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680. The exception "reflects a congressional intent

5

n/a

to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Buchanan v. United States, 915 F.2d 969, 971 (5th Cir. 1990) (quoting United States v. S.A. Empresa de Viacao Aeria Rio Grandense (Varig Airlines), 467 U.S. 797, 814 (1984)) (internal quotations omitted). A two-part test has been established for determining whether the discretionary function exception applies to particular conduct of a government employee. United States v. Gaubert, 499 U.S. 315 (1991). First, the conduct must involve "an element of judgment or choice," and, second, "the judgment or choice must be based on considerations of public policy, for that is the kind of judgment the discretionary function exception was designed to shield." Id. at 322-23; Davis v. United States, 597 F.3d 646, 650 (5th Cir. 2009).

The discretionary function exception does not apply if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," and an employee acts contrary to such directives. Buchanan, 915 F.2d at 971 (internal quotations omitted). However, if a statute, regulation, or agency guideline "allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves

consideration of the same policies which led to the promulgation of the regulations." Gaubert, 499 U.S. at 324. The exception "protects only governmental actions and decisions based on considerations of public policy." Id. at 322-23. Accordingly, "[f]or a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." Gaubert, 499 U.S. at 324-25. Thus, if the challenged conduct involves the permissible exercise of judgment grounded in public policy, the government is insulated from tort liability, and the court lacks subject matter jurisdiction. Berkovitz v. United States, 486 U.S. 531, 537 (1988); Davis, 597 F.3d at 649-50. It follows that if one or both parts of the test are not met, the exception does not apply, and the court maintains jurisdiction over the action.

    2.   Standards Applied to Plaintiff's Complaint

The specific conduct plaintiff challenges is the failure of officials to assist him on the stairs while he was exiting the airplane, and was fully restrained in handcuffs, shackles, and a belly chain. Defendant contends that the discretionary function exception applies to the conduct because there was no statute, regulation, or policy requiring officials to assist plaintiff in exiting the airplane; the officials exercised their discretion in

choosing how to transport plaintiff; and officials relied on important policy considerations in exercising such discretion.

      a.    <u>Whether The Challenged Conduct Involved an Element of Judgment or Choice</u>

Plaintiff contends that officials should have realized that, as he was an elderly, ill man in restraints and was subject to their care, they had a duty to help him negotiate the stairs. Defendant contends that the decision not to provide assistance to plaintiff was discretionary because there is no specific requirement that physical assistance be given to inmates during a transport, and that details regarding the manner of transport must be left to the discretion of the officers engaged in the transport. Defendant cites BOP Program Statement 5538.05 and the declaration of BOP official Matthew Buck for the propositions that (1) all inmates on a medical transport must be restrained, and (2) there are no mandatory directives of any sort requiring officials to provide physical assistance to prisoners exiting an airplane. Defendant also cites various district court cases in other jurisdictions in support of its theory that the decision involved an element of judgment or choice. See <u>Crane v. United States</u>, No. 3:10-68-AC, 2011 WL 7277317, at *7 (D. Or. Nov. 29, 2011) (no mandatory directives specifically governing deputies' conduct in managing prisoner exits from transport vehicles; thus, deputies' choice not to assist prisoner was discretionary);

Menolascina v. United States, No. 1:12-CV-90, 2013 WL 707920, at *2 (N.D. Ill. Feb. 26, 2013) (U.S. Marshals had discretion to determine how to load prisoners for transport, "and there are no other directives specifying the procedures that the marshals must use to transport prisoners"); Lemmons v. United States, No. 10-CV-410-KSF, 2011 U.S. Dist. LEXIS 28442, at *8-9 (E.D. Ky. Mar. 18, 2011) (finding no statute, policy, or regulation mandating specific procedure for deboarding an airplane, and determining that exception applied to officials' decision not to find alternate method for plaintiff to deboard).

None of the above-cited cases is binding on this court, nor are any of the cases particularly persuasive. It may be true that § 4042 allows for relatively broad discretion on the part of BOP officials, and that there may be no specific rules or regulations that describe exactly how officials should unload prisoners from an airplane, but those facts do not provide officials with unchecked discretion to blatantly disregard the mandatory obligation set forth in § 4042. Thus, the court declines to conclude that the officials' decision in this situation actually involved a permissible exercise of discretion, when plaintiff's safety was very clearly at risk, officials knew or should have known of such risk, and officials are bound to exercise ordinary care in providing for plaintiff's safety.

However, even if the court were to find that there was some element of choice or judgment, the court concludes that the decision made by the BOP officials is not "of the kind that the discretionary function exception was designed to shield." Gaubert, 499 U.S. at 322-23.

      b.    Whether the Failure to Assist Plaintiff Sufficiently Relates to Public Policy Considerations

The second prong of the Gaubert test requires that the discretionary act be based on considerations of public policy, and "[t]here are obviously discretionary acts performed by a Government agent that are within the scope of his employment but not within the discretionary function exception because these acts cannot be said to be based on the purposes that the regulatory regime seeks to accomplish." Id. at 325, n.7. "It is not enough to establish that an activity is not mandated by statute and involves some element of judgment or choice; to obtain dismissal of the suit, the United States must also establish that the decision in question was grounded in considerations of public policy." Coulthurst v. United States, 214 F.3d 106, 110 (2d Cir. 2000) (citing Gaubert, 499 U.S. at 322-23, and Berkovitz, 486 U.S. at 536-37).

The court finds the following reasoning Coulthurst to be particularly persuasive when considering the discretionary

10

function exception in the context of the negligence of prison officials:

> We acknowledge that the text of [§ 2680] is somewhat ambiguous, and conceivably could be interpreted to bar damage suits based on any actions or decisions that are not directly controlled by statute or regulation. In particular, it is unclear what weight to give to the concluding phrase of [§ 2680], which asserts that the exception is applicable "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Reading the words out of context, one might characterize an official's lazy or careless failure to perform his or her discretionary duties with due care as an "abuse of discretion." Reading the statute in this fashion, however, would lead to absurd results. For example, the driver of a mail truck undoubtedly exercises discretion in the manner of driving and makes innumerable judgment calls in the course of making his or her deliveries. In some manner of speaking, therefore, one might characterize it as an "abuse of discretion" for that driver to fail to step on the brake when a pedestrian steps in front of the car, to fail to signal before turning, or to drive 80 mile per hours in a 35 mile per hour zone. Such a characterization, however, would effectively shield almost all government negligence from suit, because almost every act involves some modicum of discretion regarding the manner in which one carries it out. Such a result is not required by the language of [§ 2680] and would undercut the policy aims at the heart of the FTCA.

Coulthurst, 214 F.3d 106, 110 (2d Cir. 2000) (determining that dismissal was not justified under the discretionary function exception when prisoner alleged he was injured as a result of improper maintenance of prison's weightlifting equipment, even though regulations did not establish a specific course of conduct for inspecting equipment).

Generally, when transporting prisoners, officials must

balance competing public policy considerations, including the safety of prisoners, officials, and the public, and the use of economic resources in effecting the transport. Defendant argues that BOP officials in this case balanced such concerns when deciding whether to assist plaintiff, and cite consideration for the safety of BOP officials, pilots, nurse, other inmates, and other individuals in the vicinity of the airplane. Defendant further refers to the economics use of resources involved in the transfer of inmates, and cites various unpublished cases for such arguments. However, defendant provides no substantiation for these arguments, and fails to show that legitimate policy considerations actually existed in this case.

The lone Fifth Circuit case cited by defendant, <u>Vinzant v. United States</u>, 458 F. App'x 329, 333 (5th Cir. 2012), held that the discretionary function exception applied to a decision by the U.S. Marshals not to secure prisoners seated in the rear of a van with seatbelts based on the applicable state law did not require seatbelts for rear passengers, and requiring Marshals to get close enough to prisoners in a van to buckle and unbuckle their seatbelts implicated sufficient safety concerns. <u>Id.</u> However, the facts of the instant case differ from those of <u>Vinzant</u>, particularly with regard to safety concerns and development of the policy considerations. The court assumes that sufficient

evidence of genuine policy considerations was put forth in Vinzant, enabling that court to determine that the exception applied. There is no such support for defendant's contentions in this case. Based on the undisputed facts, the court counts three fully restrained inmates with medical issues serious enough for a cross-country air transport, three BOP officers specifically charged with supervising the inmates and trained to handle them, and three additional adult individuals. It appears that any one of those individuals could have managed to assist plaintiff without risking safety to others or requiring additional officials to be present. Thus, at this juncture, there is nothing to substantiate defendant's contention that there were legitimate policy considerations at play in choosing not to assist a fully restrained, elderly, ill, and outnumbered inmate on the stairs of an airplane. It is, of course, possible that defendant will produce further detail and evidence providing an adequate explanation as to why officials chose not to help plaintiff when there was an obvious risk to his safety.

At this time, the court also addresses defendant's motion to continue the deposition of plaintiff. The motion requests an extension of the thirty-day time period the court previously granted to defendant to take plaintiff's deposition, and the court concludes that the motion to continue the deposition should

be granted.

### III.

### Order

Therefore,

The court ORDERS that defendant's motion to dismiss for lack of subject matter jurisdiction be, and is hereby, denied.

The court further ORDERS that defendant's motion to continue the deposition of plaintiff be, and is hereby, granted, and that defendant's deadline for taking plaintiff's deposition be, and is hereby, extended until July 12, 2013.

SIGNED June 12, 2013.

_____
JOHN McBRYDE
United States District Judge