IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 9 2013

CLERK, U.S. DISTRICT COURT
By_____
        Deputy
```

OTHNIEL McKINNEY,              §
                              §
        Plaintiff,            §
                              §
VS.                           §   NO. 4:12-CV-394-A
                              §
UNITED STATES OF AMERICA,     §
                              §
        Defendant.            §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion for summary judgment

filed in the above-captioned action by defendant, United States

of America.[1]  Defendant filed a brief in support of its motion,

as well as an appendix.  Plaintiff, Othniel McKinney, filed

nothing in response to the motion.  Having considered plaintiff's

complaint, the motion and accompanying documents, the entire

summary judgment record, and applicable legal authorities, the

court concludes that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff, who is incarcerated at FCI-Fort Worth, brought

---

[1] Defendant titles its motion as a motion to dismiss, or, alternatively, a motion for summary
judgment.  The motion to dismiss re-urges the arguments defendant made in an earlier motion to dismiss,
which the court denied on June 12, 2013. The court is not addressing those arguments here, but is
granting the motion for summary judgment on the grounds discussed in this memorandum opinion and
order.

this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671.  Plaintiff alleges that prison officials negligently failed to assist him as he exited the stairs of an airplane during a prison transfer, causing him to fall and injure himself.  Plaintiff seeks $500,000.00 in damages.

II.

### The Summary Judgment Motion

Defendant argues for summary judgment on the grounds that plaintiff has failed to proffer competent summary judgment evidence to support his claim for negligence, that plaintiff's complaint is unverified and plaintiff concedes that parts of it are untrue, that the uncontested medical records establish that plaintiff suffered no more than a de minimis physical injury from the fall, and that plaintiff has produced no evidence that the conditions from which he suffers are related to his fall.

III.

### Undisputed Facts[2]

Plaintiff is now eighty-three years old, and was seventy-nine at the time the events on which this lawsuit is based occurred.  Plaintiff is currently serving a 292-month term of

---

[2]  The undisputed facts are taken from defendant's appendix in support of its motion for summary judgment.  Because plaintiff failed to respond to the motion, the court is permitted to accept defendant's summary judgment evidence as undisputed.  Bookman v. Shubzda, 945 F. Supp. 999, 1002 (N.D. Tex. 1996).

2

imprisonment for conspiracy to distribute cocaine and possession
with intent to distribute cocaine.  He has been incarcerated
since 1994, and his projected release date is December 10, 2014.
Since he has been incarcerated, plaintiff has suffered from a
variety of health conditions, and has made numerous escorted
medical trips, including trips to local hospitals and other
medical facilities.  Plaintiff's diagnoses include: chronic
obstructive pulmonary disease (COPD), chronic degeneration of
intervertebral disc, hypertension, hyperlipidemia, glaucoma,
joint disorders, diabetes.  All of the above conditions were
diagnosed prior to 2012, and some, including degeneration of the
intervertebral disc, were diagnosed in the 1990s.  Plaintiff has
received a variety of treatments and medications for his health
conditions over the years of his incarceration.  App. at 94-99,
103-05.  At a chronic care appointment at the prison in 2009,
plaintiff reported that he was "doing OK" without major problems
or concerns, and reported mild to moderate pain in his right
knee.  Id. at 100-02.  Medical staff noted that plaintiff
appeared normal, and diagnosed him with "Other specified
disorders of the joint" regarding his right knee.  Id. at 102.
In December 2009, a BOP doctor noted that plaintiff had some
joint pain, knee pain, lower back pain, and mid-back pain.

        In November 2009, plaintiff was diagnosed with prostate

3

cancer, and the Bureau of Prisons ("BOP") arranged for plaintiff to travel to the Federal Medical Center in Butner, North Carolina ("FMC-Butner") to receive treatment. The transfer occurred on February 2, 2010, when plaintiff was flown on a private jet from FCI-Fort Worth to FMC-Butner with two other inmates, three BOP officers, one nurse, and two pilots. Plaintiff was handcuffed and shackled for all parts of the transport. Plaintiff did not report having any difficulty exiting the transport van or boarding the plane in Fort Worth.

Upon arriving at FMC-Butner, plaintiff reported to medical staff that he had fallen while exiting the airplane. Staff noted that plaintiff had an abrasion to his left elbow with some swelling, but no bleeding. Plaintiff complained of lower back pain, but staff reported that there was no swelling or redness on his back, and also reported that plaintiff appeared normal, was cooperative, and was able to move all extremities. A short time later, plaintiff provided staff with a different report, stating that his legs were weak and he had fallen while getting out of a van, injuring his elbow and lower back. Staff noted that he had a left elbow abrasion "with scant amount of dried blood" and some swelling, but that there was no noticeable bruising or injury to plaintiff's lower back. Id. at 123.

The same day, plaintiff was examined by the medical duty

4

officer, Dr. Vyendra Smith ("Dr. Smith").  At this examination,
plaintiff reported falling from the top step of the prison
transport bus, and did not report that he fell while exiting the
airplane.  He informed Dr. Smith that he had no previous back
problems, and that he had tripped with the shackles on his
ankles.  Dr. Smith noted that plaintiff had a "superficial
abrasion" on his left elbow, tenderness in his back, and "no
gross deformities or evidence of fracture."  Id. at 126.  It was
also noted that plaintiff suffered from degeneration of the
intervertebral disc.  Dr. Smith prescribed Tylenol, and
recommended that if plaintiff's pain persisted or showed symptoms
that interfered with his range of motion or ambulation, x-rays
should be taken.

The next day, February 3, 2010, plaintiff was examined as
part of his prostate cancer treatment.  While the examination
primarily involved prostate treatment, plaintiff stated that he
had lower back pain from the previous day's fall, but staff did
not observe any injuries and noted that the physical examination
was "unremarkable."  Id. at 127.  It was also recorded in
plaintiff's chart that his gait was normal, he was not limping,
and he had a full range of motion in his back, arms, and legs.

On February 4, 2010, plaintiff was examined by Dr. James
Winston ("Dr. Winston"), and reported left elbow and lower back

5

pain related to his fall, this time from the airplane steps.  Dr.
Winston observed that there was an external abrasion on
plaintiff's elbow and some swelling, and ordered x-rays of the
elbow and lower back.  The x-rays of plaintiff's elbow showed
that there was no fracture or dislocation, and that "moderately
severe degenerative changes [were] present."  Id. at 146.  The x-
rays of plaintiff's back revealed "advanced arthritic disease
raising the question of seronegative arthritis such as psoriatic
arthritis," and the report noted that plaintiff had various
degenerative changes in his back.  Id. at 145.  The back x-rays
did not indicate any other kind of injury to plaintiff's back.

On February 10, 2010, Dr. Christopher Coughlin ("Dr.
Coughlin") performed a physical examination of plaintiff and
consulted with him regarding treatment for his prostate cancer.
As part of the physical examination, Dr. Coughlin performed a
series of exams and made various observations, including an
observation that plaintiff seemingly had no leg problems or
injuries.  Dr. Coughlin noted that plaintiff had a history of
chronic illnesses and degenerative disc disease.  The risks and
benefits of radiation treatment were discussed with plaintiff,
and plaintiff signed informed consent to proceed with the
treatment.

On February 19, 2010, plaintiff was examined by Dr. Jean

Lindau, who diagnosed plaintiff with an abscess on his back and
treated the abscess with antibiotics.  Three days later,
plaintiff was issued a walker, and medical staff noted in the
report that plaintiff was a seventy-nine-year-old male "with
current prostate cancer and chronic low back pain needing walker
for assistance with ambulation."  App. at 99, 154.  On March 11,
2010, plaintiff requested a walker with a seat from Alice Priest,
a physical therapist ("Priest").  Priest observed that plaintiff
walked "without any difficulties with his hands in his pockets."
Id. at 155.  Priest "attempted to instruct" plaintiff about lower
back stretches and exercises, but plaintiff "appeared not to have
time for anything other than getting a walker with a seat."  Id.
Priest further observed:

> [Plaintiff] has a walker in case he needs the "extra
> support" when he is feeling week [sic] due to his
> current prostate cancer. . . . Attempts were made to
> assist his [lower back] pain but [plaintiff] declined.
> Front wheel walker that [plaintiff] already has can be
> used to "off load his low back" in a preventative
> measure to assist in reducing or assisting in lower his
> back pain.

Id.

Plaintiff completed his radiation treatments on May 6, 2010.
One month later, tests indicated that plaintiff's "PSA" level was
normal, and plaintiff had no medical complaints.  Id. at 161.
Plaintiff was medically cleared for transport on July 22, 2010,

and returned to FCI-Fort Worth on September 3, 2010, with no reports of any injuries. Since his return to Fort Worth, plaintiff has had numerous medical issues, such as dental problems, intestinal problems, and continuing chronic health problems such as arthritis and degeneration of bones and muscles. Plaintiff also fell in the shower in July 2012, and fell out of his chair while asleep on November 1, 2012. Staff at FCI-Fort Worth reported that plaintiff "falls and needs assistance from other inmates." Id. at 188. Plaintiff continues to use his walker for balance, and because he gets tired quickly and is often short of breath.

One of plaintiff's fellow inmates typed plaintiff's complaint for him and authored some portions of the complaint, and plaintiff did not read the complaint before he signed it and filed it. Some facts alleged in the complaint are based on conversations plaintiff had with the other inmate and writing plaintiff provided; the fellow inmate "might have added some [facts] or took some away." App. at 29.

IV.

Analysis

A.   Applicable Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense

8

if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case.  Id. at 324.  See also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  Unsubstantiated assertions of actual dispute will not suffice.  Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992).  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).

The fact that a non-movant has failed to respond to a motion for summary judgment is not itself a basis for granting the motion; however, when a movant has made a properly supported motion for summary judgment, the non-movant must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Celotex Corp., 477 U.S. at 324) (internal quotations omitted); Bookman v. Shubzda, 945 F. Supp. 999, 1002 (N.D. Tex. 1996). Although the court must draw all inferences in favor of the party opposing the motion, such party cannot establish a genuine issue of material fact by resting only on the allegations of the pleadings. Hulsey v. Texas, 929 F.2d 168, 170 (5th Cir. 1991). "It follows that if a plaintiff fails to respond to a properly supported summary judgment motion, [he] cannot meet [his] burden of designating specific facts showing that there is a genuine issue for trial." Bookman, 945 F. Supp. at 1004. Further, when a non-movant fails to respond to a motion for summary judgment, the court is permitted to accept the movant's evidence as undisputed. See Eversly v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Bookman, 945 F. Supp. at 1002.

B.   Federal Tort Claims Act

The United States is immune from suit, except to the extent that it has waived such sovereign immunity.  FDIC v. Myers, 510 U.S. 471, 475 (1994).  The FTCA is a limited waiver of sovereign immunity and, subject to some specific exceptions, the FTCA gives federal district courts jurisdiction over claims against the United States for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  Sheridan v. United States, 487 U.S. 392, 398 (1988); Crider v. United States, 885 F.2d 294, 296 (5th Cir. 1989); 28 U.S.C. § 1346(b).  Thus, North Carolina negligence law applies to determine whether defendant is liable to plaintiff.

C.   Application of North Carolina Law to Facts

Under North Carolina law, "the essential elements of any negligence claim are the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, and a causal relationship between the breach of duty and certain actual injury or loss sustained by the plaintiff."  Harris v.

11

DaimlerChrysler Corp., 638 S.E.2d 260, 265 (N.C. App. 2006). "[I]n order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential elements of negligence," and must show that his injury is "more than de minimis." Owens v. United States, No. 5:09-CT-3167-FL, 2012 WL 6057126, at *5 (E.D. N.C. Dec. 6, 2012). The absence of any one of the elements will defeat a claim for negligence. Westbrook v Cobb, 411 S.E.2d 651, 653 (N.C. Ct. App. 1992). Thus, plaintiff must show that he suffered an injury that was more than de minimis due to defendant's failure to assist him in exiting the airplane.

Assuming that defendant owed a duty to plaintiff to assist him down the stairs of the airplane while plaintiff was shackled, and defendant breached that duty by failing to so assist him, there is no evidence that the breach resulted in actionable injury to plaintiff. Plaintiff stated in his deposition that the most accurate reflection of his specific injuries are found in his medical records. Those medical records indicate that plaintiff sustained a minor abrasion to his elbow and complained that his lower back hurt. The records also state that medical staff found no evidence of a back injury other than plaintiff's pre-existing disc degeneration, which had been diagnosed in 1997. Additionally, plaintiff's complaint and his administrative claim contain allegations of injury that plaintiff conceded during his

12

deposition lacked truth, admitting that he does not know what some of the injuries listed in the complaint are, and did not write about those injuries himself.  For example, the complaint and plaintiff's attached administrative claim allege that plaintiff suffered a broken coccyx, which is another word for tailbone, but plaintiff acknowledged in his deposition that he did not know what a "coccyx" was, and could not recall ever having a broken tailbone.  App. at 7, 29-31.  When confronted with the questions about the broken coccyx, plaintiff admitted that the inmate who wrote the complaint for him probably added it.  Plaintiff also alleged in his administrative claim that he injured his knee as a result of the fall, but the medical records from the days following plaintiff's fall contain no reports of a knee injury.

\* \* \* \*

Defendant has identified a lack of summary judgment evidence that can establish that plaintiff was injured and suffered damages, an essential element of negligence.  Defendant has also produced competent summary judgment evidence that plaintiff suffered no injury from the alleged fall other than a minor abrasion to his elbow.  Plaintiff thus has the burden to produce sufficient evidence to raise a genuine issue of material fact that he sustained an injury beyond de minimis and that he has

13

suffered any compensable loss due to defendant's actions or omissions.  Plaintiff, however, has produced no evidence of any kind of injury beyond de minimis, and has failed to establish that there are any genuine issues of material fact.

V.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action brought by plaintiff against defendant, be, and are hereby, dismissed with prejudice.

SIGNED August 9, 2013.

JOHN McBRYDE
United States District Judge

14